# EXHIBIT "A"

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

COVER SHEET

| | |
|---|---|
| Plaintiff(s)<br>Leslie Riniti<br>23015 Widgeon Place<br>Canyon Lake, CA 92587 | Case Number : ___ - ___ - ___ |
| | Type of pleading :<br>Complaint |
| | Code and Classification : |
| Vs | Filed on behalf of<br>Plaintiff<br>(Name of the filing party) |
| Defendant(s)<br>Hyatt Corporation<br>71 South Wacker Drive<br>Chicago, IL 60606 | ☑ Counsel of Record<br>☐ Individual, If Pro Se |
| | Required Information:<br>Name: Eric M. Frost, Esquire<br>Address: 161 Washington St., Suite 401<br>Conshohocken, PA 19428<br>Phone Number: 610-729-2900<br>Email Address: efrost@villarilaw.com |
| | Attorney's State ID : 208785 |
| | Attorney's Firm ID : |

Docusign Envelope ID: D70DAE2B-1BA2-47F7-A46B-8E053B159CA6

**VILLARI, GIANNONE & MATTEO, P.C.**
BY: Eric M. Frost, Esquire
Identification No.: 208785
161 Washington Street, Suite 401
Conshohocken, PA 19428
(610) 729-2900
efrost@villarilaw.com

*Attorney for Plaintiff,*
*Lezlie Riniti*

| | | |
|---|---|---|
| LEZLIE RINITI<br>23015 Widgeon Pl.<br>Canyon Lake, CA 92587<br>*Plaintiffs,*<br>v.<br>HYATT CORPORATION<br>71 S. Wacker Dr.<br>Chicago, IL 60606<br>*Defendant.* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>ALLEGHENY COUNTY, PA<br><br>CIVIL ACTION – PREMISES LIABILITY<br><br>____________________, TERM, 2025<br>NO.: |

**COMPLAINT**

AND NOW, comes Plaintiffs, Lezlie Riniti, by and through her Counsel, Villari, Giannone & Matteo, P.C., to file the within Complaint and in support thereof asserts as follows:

1. Plaintiff, Lezlie Riniti, is and was at all times material hereto an adult individual residing at the above referenced address.

2. Defendant, Hyatt Corporation, (hereinafter referred to as "Hyatt"), is a corporation, registered in the State of Delaware authorized to conduct business in the Commonwealth of Pennsylvania, maintaining a hotel located at 111 Airport Blvd., Pittsburgh, PA 15231.

3. Upon information and belief, Hyatt regularly and systematically conducts a substantial amount of its business in Allegheny County, Pennsylvania, including, owning and operating numerous hotels within Allegheny County, Pennsylvania, including the Hyatt Regency Pittsburgh International Airport located at the address detailed in paragraph 2 above.

Docusign Envelope ID: D70DAE2B-1BA2-47F7-A46B-8E053B159CA6

4. At all times relevant hereto, Defendant Hyatt, was acting individually and/or by and through its employees, servants, agents, including but not limited to, actual, ostensible and/or apparent agents, workers, predecessors, successors, parent companies, subsidiaries, affiliates and/or franchises, who were acting within the course and scope of their employment, agency and/or authority for, on behalf of and/or in the name of Defendant Hyatt.

5. At all times material hereto, Defendant Hyatt, individually and/or collectively, owned, operated, managed, maintained, controlled and/or possessed the premises that is located at 111 Airport Blvd., Pittsburgh, PA 15231 (hereinafter referred to as "the hotel").

6. On or about April 30, 2023, at approximately 11:40p.m., Plaintiff, Lezlie Riniti entered the hotel as a business invitee and therefore is owed the highest duty of care.

7. Upon information and belief, plaintiff, Lezlie Riniti entered into the elevator in the lobby with her suitcase and her crew member(s), whereupon she was caused to slip and fall on a wet substance/water on the floor of the elevator.

8. At all material times hereto, and for an excessive time prior thereto, Defendant was negligent and/or careless in that Defendant Hyatt knew and/or should have known of the presence/existence of the water, liquid and/or slippery substance and/or dangerous condition on the property that caused Plaintiff to slip and fall and failed to remedy same in a timely manner.

9. Upon information and belief, Defendant caused the dangerous and/or slippery condition prior to Plaintiff's incident and injuries by negligently and/or carelessly mopping and/or cleaning the elevator floor in such a manner as to leave the wet and/or slippery substance on the floor without providing a warning to plaintiff about same.

Docusign Envelope ID: D70DAE2B-1BA2-47F7-A46B-8E053B159CA6

10. Upon information and belief, Defendant permitted the dangerous and/or defective condition to exist and remain inside the hotel for an unreasonable amount of time to the detriment of Plaintiff.

11. At all times material hereto, Plaintiff proceeded under due care and with caution, properly and legally, and was not contributorily negligent in any manner whatsoever; nor did Plaintiff assume the risk of Defendant's failure to keep the hotel and/or elevator of the hotel safe, clear and/or free of the water, liquid and/or slippery or wet substance and/or dangerous condition.

12. As a direct and proximate result of the aforesaid incident, Plaintiff, Dominque Palmer, suffered significant, permanent and/or debilitating bodily injuries. Plaintiff, Dominque Palmer, also suffered severe pain, anxiety, depression, emotional damage, humiliation, embarrassment, loss of pleasures and enjoyment of life and/or serious impairment of one or more bodily functions.

13. As a further result of the aforesaid incident, Plaintiff, Lezlie Riniti, has been obliged to incur expenses for medicines, ambulatory equipment and/or medical attention in trying to treat and cure her injuries, and may be compelled to expend and/or incur additional sums for the same purposes for an indefinite time in the future.

14. As a further result of the aforesaid incident, Plaintiff, Lezlie Riniti, has been prevented from attending to her usual and daily pursuits, hobbies, duties and/or avocations, thereby suffering a loss of earnings and/or impairment of her earning capacity and/or loss of life's pleasures which will continue for an indefinite time in the future.

15. As a further result of the aforesaid incident, Plaintiff, Lezlie Riniti, has suffered and/or may continue to suffer a severe loss because of expenses which have been and/or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which Plaintiff would have performed, not for income, but for the benefit of herself if she had not been injured.

Docusign Envelope ID: D70DAE2B-1BA2-47F7-A46B-8E053B159CA6

**COUNT I - NEGLIGENCE**
**PLAINTIFF, Lezlie Riniti v. DEFENDANT, Hyatt Corporation**

16. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

17. At all times material hereto, Defendant's acts and/or omissions were accomplished by Defendant themselves and/or by Defendant's agents, workers, representatives and/or employees who were then and there acting and/or failing to act within the scope and course of their agency and/or employment with Defendant.

18. At all times material hereto, Defendant, individually, jointly and/or severally, controlled, managed, supervised and/or maintained the hotel premises at 111 Airport Blvd., Pittsburgh, Pennsylvania.

19. The aforesaid incident was caused by Defendant's negligence and carelessness as follows:

(a) Failing to properly control the hotel elevator;

(b) Failing to properly manage the hotel elevator;

(c) Failing to properly supervise the hotel elevator;

(d) Failing to properly inspect the hotel elevator;

(e) Failing to properly maintain the hotel elevator;

(f) Failing to properly clean the hotel elevator;

(g) Failing to properly dry the hotel elevator floor after mopping the hotel elevator;

(h) Failing to warn patrons of the hotel that the elevator floor was recently mopped and therefore wet;

(i) Failing to timely and/or properly correct, remove, remediate and/or fix the water, liquid and/or slippery or wet and/or dangerous condition that caused Plaintiff, Lezlie Riniti to slip and fall;

Docusign Envelope ID: D70DAE2B-1BA2-47F7-A46B-8E053B159CA6

(j) Failing to properly guard/barricade the dangerous and/or otherwise unsafe condition located within the inside the elevator that caused Plaintiff, Lezlie Riniti to slip and fall;

(k) Failing to take precautionary measures to minimize the risk of harm to individuals and/or patrons such as Plaintiff, Lezlie Riniti;

(l) Failing to timely and/or properly correct, remove, remediate and/or fix the water, liquid and/or slippery or wet and/or dangerous condition that caused Plaintiff, Lezlie Riniti to slip and fall which Defendant knew and/or should have known and/or discovered in a reasonable amount of time to remedy the condition;

(m) Causing the water, liquid, and/or slippery or wet condition located on the elevator floor;

(n) Failing to place appropriate warnings and/or barricades;

(o) Failing to give Plaintiff the proper and adequate notice and/or protection to which she was entitled;

(p) Failing to offer an alternate and/or safe means of passage, ingress and/or egress through the hotel for individuals and/or patrons such as Plaintiff;

(q) Creating a dangerous condition, which Defendant knew and/or should have known about before Plaintiff's fall;

(r) Allowing a dangerous condition to exist and remain on the premises for an excessive and/or unreasonable period of time;

(s) Failing to warn Plaintiff, Lezlie Riniti, of the dangerous condition that caused her to slip and fall;

(t) Failing to create a safe area for Plaintiff, Lezlie Riniti, to walk through the property;

(u) Failing to take all measures necessary under the circumstances to protect business invitees lawfully within said property from a foreseeable risk of injury;

(v) Failing to protect Plaintiff, Lezlie Riniti, against water, liquid and/or a slippery or wet and/or dangerous condition when Defendant knew and/or should have known that said water, liquid and/or slippery or wet floor was dangerous to pedestrians walking thereon;

(w) Placing the Defendant's pecuniary interests above the interest of its patron's safety, more specifically, Plaintiff, Lezlie Riniti's safety;

Docusign Envelope ID: D70DAE2B-1BA2-47F7-A46B-8E053B159CA6

(x) Violating the Defendant's own safety requirements and/or protocols with regard to inspection and/or maintenance and/or cleaning/mopping of the elevator and/or non-carpeted areas of the hotel;

(y) Failing to train employees on how to properly mop the non-carpeted areas of the hotel, including but not limited to the elevator floors so as to not cause and/or leave a dangerous condition on the property; and

(z) Failing to train employees to monitor and/or inspect the elevator floors for any water, liquid and/or other slipping hazards and clean up and/or warn patrons of same if found and/or known to exist.

20. As a result of Defendant's aforesaid negligence and carelessness, Plaintiff sustained the injuries and incurred the damages set forth above.

WHEREFORE, Plaintiff respectfully demands compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00) to be awarded in her favor and against Defendant, individually, jointly and/or severally, together with interest, costs and such other relief as this court deems just.

*Respectfully submitted,*

**VILLARI, GIANNONE & MATTEO, P.C.**

DATED: 1/15/2025 BY: ______________________________

ERIC M. FROST, ESQUIRE
*Attorney for Plaintiff, Lezlie Riniti*

Docusign Envelope ID: D70DAE2B-1BA2-47F7-A46B-8E053B159CA6

# VERIFICATION

I, Lezlie Riniti, Plaintiff in this action, hereby state that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: 1/14/2025

Signed by:
2D851BFE5EAC49E...

Lezlie Riniti